UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEOFFREY WILLARD ATWELL, | : | CIVIL NO. **1:03-CV-1728** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| THOMAS LAVAN, *et al.*, | : | |
| Defendants | : | |

## **ORDER**

     The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on September 30, 2003. Also on September 30, 2003, the plaintiff filed an application to proceed *in forma pauperis.*

     On January 20, 2004, the plaintiff filed an amended complaint.

     By a Report and Recommendation dated January 23, 2004, we recommended that this action be dismissed because the plaintiff's amended complaint violates Fed.R.Civ.P. 20(a). The plaintiff objected to the Report and Recommendation. The plaintiff objected to the recommendation that the action be dismissed. The plaintiff also objected to our failure to rule on his motion to proceed *in forma pauperis*. By an Order dated May 3, 2004, Judge Rambo adopted the January 23, 2004 Report and Recommendation and dismissed this case. In the Order of May 3, 2005, Judge Rambo also addressed the plaintiff's application to proceed *in forma pauperis*. She addressed the

plaintiff's application to proceed *in forma pauperis* as follows:

> Plaintiff further objects to the magistrate judge's failure to rule on his application to proceed in forma pauperis. Title 28 U.S.C. § 1915(g) provides:
>> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> Plaintiff has been a litigant in at least eight other cases in this district and at least three of these cases have been dismissed as frivolous and/or failed to state a claim. In Plaintiff's application to proceed *in forma pauperis,* he admits to having brought three or more cases that have been dismissed as frivolous, malicious or for failure to state a claim.
> Plaintiff makes a general statement that Defendants are committing crimes against him and is suffering serious physical injury. These conclusory remarks without more are insufficient to show "imminent danger of serious physical injury." In addition, Plaintiff has signed an authorization permitting the $150 filing fee to be paid from his prison account regardless of the outcome of his action. Plaintiff's request for a ruling on his *in forma pauperis* application is moot.

*Doc. 22* at 1-2.  Judge Rambo deemed the plaintiff's application to proceed *in forma pauperis* moot.

The plaintiff filed a motion for reconsideration of Judge Rambo's order of May 3, 2004.  By an Order dated May 13, 2004, Judge Rambo granted the plaintiff's motion for

reconsideration in part and ordered that the Order of May 3, 2004 be amended to read that the plaintiff's application to proceed *in forma pauperis* is denied. The plaintiff filed an objection to the Order of May 13, 2005. By an Order dated June 23, 2004, Judge Rambo construed the objection as a motion for reconsideration and denied that motion.

The plaintiff appealed to the United States Court of Appeals for the Third Circuit. By an Order dated June 23, 2005, the Third Circuit vacated the Order of May 3, 2004 and remanded the case for further proceedings. The Third Circuit concluded that the court erred in dismissing the case because misjoinder of parties is not grounds for dismissal of an action. In addition to vacating the Order of May 3, 2004, the Third Circuit affirmed in part the Order of June 23, 2004. The Court noted that the petitioner also appealed the denial of his initial *in forma pauperis* application. The Court further noted: "Regarding his appeal related to the denial of in forma pauperis status, we conclude that we have jurisdiction over that appeal but Atwell has not shown that the District Court erred (the District Court later granted Atwell's application to proceed in forma pauperis on appeal)."

By an Order dated July 15, 2005, Judge Rambo referred the case to undersigned for proceedings consistent with the opinion of the Third Circuit.

By an Order dated July 20, 2005, we directed the Clerk

of Court to serve plaintiff's amended complaint in accordance with F.R.C.P. 4.

Since the Third Circuit vacated the Order of May 3, 2004, it appears that the plaintiff's application to proceed *in forma pauperis* is still pending.  For the reasons stated by Judge Rambo in the Order of May 3, 2005 we will deny the plaintiff's application to proceed *in forma pauperis* which was filed while he was a prisoner.

We note that some payments toward the filing fee were made pursuant to the Administrative Order issued by the Clerk of Court October 1, 2003.  However, the plaintiff is no longer incarcerated and payments are no longer being made under the Administrative Order.

Since the plaintiff is not proceeding *in forma pauperis*, he must serve the complaint and summons on the defendant pursuant to Fed.R.Civ.P. 4.  We will vacate the Order of July 20, 2005 directing the Clerk of Court to serve the amended complaint and we will order that the plaintiff serve the summons and amended complaint on the defendants and file a return of service with the court within ninety days of the date of this Order.  We note that in lieu of personal service, the plaintiff may, in accordance with Fed.R.Civ.P. 4(d), send to the defendants the specified waiver of service forms.  If the defendants sign and return those forms, the plaintiff shall file those forms as the return of service.  If the plaintiff

4

complies with Fed.R.Civ.P. 4(d) and the defendants refuse to return the waiver of service forms sent by the plaintiff, the plaintiff may then file a motion for the court to direct the United States Marshal to serve the defendants.

**IT IS ORDERED** that the plaintiff's application (doc. 5) to proceed *in forma pauperis* is **DENIED**.  **IT IS FURTHER ORDERED** that the Order (doc. 42) of July 20, 2005 directing the Clerk of Court to serve the plaintiff's amended complaint is **VACATED**. **IT IS FURTHER ORDERED** that within ninety days of the date of this order the plaintiff shall file a return of service indicating when and how the defendants were served with the summons and amended complaint in accordance with Fed.R.Civ.P. 4.

                                         ***/s/ J. Andrew Smyser***
                                         J. Andrew Smyser
                                         Magistrate Judge

Dated: July 22, 2005.