UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEOFFREY WILLARD ATWELL,  :  CIVIL NO. **1:03-CV-1728**
:
      Plaintiff  :  (Judge Rambo)
:
  v.  :  (Magistrate Judge Smyser)
:
THOMAS LAVAN, *et al.*,  :
:
      Defendants  :

## **REPORT AND RECOMMENDATION**

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on September 30, 2003. Also on September 30, 2003, the plaintiff filed an application to proceed *in forma pauperis.*

On January 20, 2004, the plaintiff filed an amended complaint.

By a Report and Recommendation dated January 23, 2004, we recommended that this action be dismissed because the plaintiff's amended complaint violates Fed.R.Civ.P. 20(a). The plaintiff objected to the Report and Recommendation. The plaintiff objected to the recommendation that the action be dismissed. The plaintiff also objected to our failure to rule on his motion to proceed *in forma pauperis.* By an Order dated May 3, 2004, Judge Rambo adopted the January 23, 2004 Report

and Recommendation and dismissed this case.  In the Order of May 3, 2004, Judge Rambo also addressed the plaintiff's application to proceed *in forma pauperis*.  She addressed the plaintiff's application to proceed *in forma pauperis* as follows:

> Plaintiff further objects to the magistrate judge's failure to rule on his application to proceed in forma pauperis. Title 28 U.S.C. § 1915(g) provides:
> > (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> Plaintiff has been a litigant in at least eight other cases in this district and at least three of these cases have been dismissed as frivolous and/or failed to state a claim. In Plaintiff's application to proceed *in forma pauperis,* he admits to having brought three or more cases that have been dismissed as frivolous, malicious or for failure to state a claim.
>
> Plaintiff makes a general statement that Defendants are committing crimes against him and is suffering serious physical injury. These conclusory remarks without more are insufficient  to show "imminent danger of serious physical injury." In addition, Plaintiff has signed an authorization permitting the $150 filing fee to be paid from his prison account regardless of the outcome of his action. Plaintiff's request for a ruling on his *in forma pauperis* application is moot.

*Doc. 22* at 1-2.  Judge Rambo deemed the plaintiff's application to proceed *in forma pauperis* moot.

2

The plaintiff filed a motion for reconsideration of Judge Rambo's order of May 3, 2004.  By an Order dated May 13, 2004, Judge Rambo granted the plaintiff's motion for reconsideration in part and ordered that the Order of May 3, 2004 be amended to read that the plaintiff's application to proceed *in forma pauperis* is denied.  The plaintiff filed an objection to the Order of May 13, 2004.  By an Order dated June 23, 2004, Judge Rambo construed the objection as a motion for reconsideration and denied that motion.

The plaintiff appealed to the United States Court of Appeals for the Third Circuit.  By an Order dated June 23, 2005, the Third Circuit vacated the Order of May 3, 2004 and remanded the case for further proceedings.  The Third Circuit concluded that the court erred in dismissing the case because misjoinder of parties is not grounds for dismissal of an action.  In addition to vacating the Order of May 3, 2004, the Third Circuit affirmed in part the Order of June 23, 2004.  The Court noted that the petitioner also appealed the denial of his initial *in forma pauperis* application.  The Court further noted: "Regarding his appeal related to the denial of in forma pauperis status, we conclude that we have jurisdiction over that appeal but Atwell has not shown that the District Court erred (the District Court later granted Atwell's application to proceed in forma pauperis on appeal)."

By an Order dated July 15, 2005, Judge Rambo referred the case to the undersigned for proceedings consistent with the opinion of the Third Circuit.

By an Order dated July 22, 2005, for the reasons stated by Judge Rambo in the Order of May 3, 2004 we denied the plaintiff's application to proceed *in forma pauperis* which was filed while he was a prisoner.  By an Order dated July 25, 2005, the plaintiff was ordered to pay the $144.04 balance of the filing fee in this case.

On August 8, 2005, the plaintiff filed a new application to proceed *in forma pauperis* and an affidavit/declaration in support of that application.  Since the plaintiff is no longer incarcerated we conclude that 28 U.S.C. § 1915(g) does not bar his current application to proceed *in forma pauperis*.  By a separate order filed this date we have granted the plaintiff's current application to proceed *in forma pauperis.*

We review the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

The plaintiff presents three groups of claims in his amended complaint: 1) that he was illegally imprisoned after the expiration of his sentence; 2) that defendants were deliberately indifferent to his serious medical needs; and 3) that defendants denied him access to the courts.

4

As to his claim that he was illegally imprisoned after the expiration of his sentence, the plaintiff alleges that he informed numerous defendants about his illegal detention and that those defendants failed to investigate or take corrective action.  However, as to some of the defendants that the plaintiff alleges that he informed of his alleged illegal imprisonment it is not reasonable to assume that those defendants are appropriate officials to correct such detention. For example, the plaintiff names as defendants the Governor and former Governor of Pennsylvania, the Attorney General of Pennsylvania and attorneys with the Attorney General's office, attorneys for the Department of Corrections, members of the Pennsylvania Sentencing Commission and the Pennsylvania Crimes Commission, and a judge on the Commonwealth Court of Pennsylvania.  Since these defendants are not officials who would reasonably be responsible for calculating a prisoner's sentence or for rectifying any detention beyond the expiration of a prisoner's sentence, we conclude that the plaintiff fails to state a claim upon which relief can be granted against those defendants.

Based on the foregoing, it is recommended that the following defendants be dismissed from this action: 1) defendant Rendell; 2) defendant Schweiker; 3) defendant Fisher; 4) defendant Neuhauser; 5) defendant Sherman; 6) defendant Greevy; 7) defendant Hart; 8) defendant Sears; 9) defendant Farnan; 10) defendant Roberts; 11) defendant Bergstrom; 12)

defendant Corbett; 13) defendant Thomas; and 14) defendant Collins.  It is further recommended that the case be remanded to the undersigned for further proceedings.


/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: August 12, 2005.