IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEOFFREY WILLARD ATWELL,** | : | **CIVIL NO. 1:CV-03-1728** |
| Plaintiff | : | |
| | : | **(Judge Rambo)** |
| | : | **(Magistrate Judge Smyser)** |
| v. | : | |
| | : | |
| **THOMAS LAVAN,** *et al.*, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

I. Procedural History

        Before the court is an order and a report of the magistrate judge, both filed August 12, 2005. The order incorporates the recommendations in the report of the magistrate judge. In that order, the magistrate judge ruled, in part, that (1) Plaintiff be granted leave to proceed *in forma pauperis*; and (2) pursuant to Federal Rule of Civil Procedure 4(c)(2), the United States Marshal was directed to serve Plaintiff's amended complaint, along with a copy of the August 12, 2005 order and report of the magistrate judge, on all named defendants in the amended complaint except the following individuals: Rendell, Schweiker, Fisher, Neuhauser, Sherman, Greevy, Hart, Sears, Farnan, Roberts, Bergstrom, Corbett, Thomas, and Collins.

        The order also addressed other issues raised by Plaintiff which renders those moot, i.e., a motion for clarification, the order that Plaintiff himself serve the amended complaint, and the payment of the filing fee.

        Plaintiff has filed objections to the report of the magistrate judge in which he states that (1) all 87 defendants in the original complaint should be served, and (2) objects to the recommendation that 14 of the defendants in the amended complaint be dismissed. Because the magistrate judge has correctly responded to these issues, the objections will be dismissed.

II. Background

This background will only set forth those facts and proceedings which pertain to the remaining issues not resolved to the satisfaction of Plaintiff. Plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on September 30, 2003, naming 87 defendants. On January 20, 2004, Plaintiff filed an amended complaint naming only 54 defendants.

By report and recommendation dated January 23, 2004, the magistrate judge recommended that the action be dismissed because Plaintiff's amended complaint violated Federal Rule of Civil Procedure 20(a). Plaintiff objected to the recommendation that the action be dismissed and appealed to the United States Court of Appeals for the Third Circuit following this court's adoption of the dismissal recommendation by order dated May 3, 2004. By order dated June 23, 2005, the Third Circuit vacated the May 3, 2004 order and remanded for further proceedings. The Third Circuit concluded that the court erred in dismissing the case because misjoinder of parties is not grounds for dismissal of an action. On remand, the case was referred to the magistrate judge for proceedings consistent with the opinion of the Third Circuit Court.

III. Discussion

The caption of the order from the Third Circuit contains the names of all of the defendants named in Plaintiff's original complaint. The docket in this case erroneously lists the original 87 defendants rather than the 54 listed in the amended complaint. The only complaint before this court and the complaint which was dismissed resulting in the appeal is the complaint filed on January 20, 2004. An amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit. *Snyder v. Pascack Valley Hosp.*, 303 FD.3d 271, 276 (3d Cir. 2002). An amended pleading supersedes the last pleading which becomes

ineffective. The amended pleading is a complete substitute and the former pleading no longer performs any function. *Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995). Thus, the magistrate judge's order that only the 40 defendants left in the amended complaint be served is correct.

Plaintiff objects to the magistrate judge's recommendation that 14 defendants be dismissed and complains that he was illegally imprisoned after the expiration of his sentence. Plaintiff alleges that he informed numerous Defendants about his illegal detention who failed to investigate or take corrective action. The magistrate judge correctly concluded that 14 Defendants are not officials who could be responsible for calculating a prisoner's sentence or for rectifying any detention beyond the expiration of a prisoner's sentence. The undersigned agrees and, therefore, finds that Plaintiff fails to state a claim upon which relief can be granted as to the following Defendants: Rendell, Schweiker, Fisher, Neuhauser, Sherman, Greevy, Hart, Sears, Farnan, Roberts, Bergstrom, Corbett, Thomas, and Collins.

**IT IS THEREFORE ORDERED THAT**:

1) The court affirms the August 12, 2005 order of the magistrate judge.

2) The court adopts the August 12, 2005 report and recommendation of the magistrate judge.

3) Plaintiff's motion to revise the order of August 12, 2005 is denied.

4) Plaintiff is granted leave to proceed *in forma pauperis*.

5) The United States Marshal shall serve Plaintiff's amended complaint, a copy of this order, a copy of the magistrate judge's August 12, 2005 report and August 12, 2005 order on all defendants named in the amended complaint except Defendants Rendell, Schweiker, Fisher, Neuhauser, Sherman, Greevy, Hart, Sears, Farnan, Roberts, Bergstrom, Corbett, Thomas, and Collins.

6) Plaintiff's motion for clarification is deemed moot.

      7) The order of July 22, 2005, to the extent that it orders Plaintiff himself to serve the amended complaint, is vacated.

      8) The order of July 25, 2005, directing Plaintiff to pay the balance of the filing fee, is vacated.

      9) The Clerk of court shall correct the docket to reflect only those defendants listed in the amended complaint and to designate those defendants listed in paragraph 5 above as terminated from the action.

      10) This matter is remanded to the magistrate judge for further proceedings.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: September 14, 2005.