IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEOFFREY WILLARD ATWELL,** | : | **CIVIL NO. 1:CV-03-1728** |
| Plaintiff | : | **(Judge Rambo)** |
| | : | **(Magistrate Judge Blewitt)** |
| v. | : | |
| **THOMAS LAVAN,** *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM and ORDER

The history of this order is as follows. On February 10, 2006, Plaintiff filed a motion entitled "Objections to Defendants [sic] Counsel and Service Form of plaintiff's Complaint." (Doc. 85.) On February 14, 2006, the magistrate judge denied Plaintiff's February 10, 2006 motion. (Doc. 88.) Plaintiff filed a motion for reconsideration on March 1, 2006. (Doc. 97.) On March 3, 2006, the magistrate judge denied Plaintiff's motion for reconsideration. (Doc. 101.)

Plaintiff filed a motion entitled "Objection Memorandum to Erroneous Middle District Court-Harrisburg Order filed on March 3, 2006" on March 13, 2006. (Doc. 109.) This court issued an order on March 14, 2006 deeming Plaintiff's March 13, 2006 motion to be an appeal of the March 3, 2006 order of the magistrate judge. (Doc. 111.) This court provided that all future references to Plaintiff as inmate were to be avoided; however, in all other respects the magistrate judge's March 3, 2006 order was affirmed. (*Id.*) This court remanded the captioned matter to the magistrate judge for proceedings consistent with the order. (*Id.*)

On March 27, 2006, Plaintiff filed a motion for reconsideration of the March 14, 2006 order. (Doc. 115.) This court issued an order on March 30, 2006

indicating that Plaintiff's argument was incomprehensible. (*Id*.) The March 30, 2006 order provided that it appeared that Plaintiff was alleging that some of his motions for reconsideration had not been addressed, and that Plaintiff should clearly identify these motions in a memorandum no later than April 17, 2006. (*Id*.) Additionally, the March 30, 2006 order provided that Plaintiff was to set forth what issues he intended to raise with respect to the March 14, 2006 order. (*Id*.)

On April 17, 2006, Plaintiff filed a motion responding to the March 30, 2006 order (hereinafter "Plaintiff's instant motion"). (Doc. 124.) Plaintiff's instant motion fails to identify any motions that have not been addressed by this court or the magistrate judge; rather, Plaintiff's instant motion operates as a motion for reconsideration. As detailed above Plaintiff has been afforded numerous opportunities to reargue his February 10, 2006 motion. Plaintiff's instant motion is a motion for reconsideration of the denial of an appeal before a district court of the denial of a motion for reconsideration of a magistrate court's order denying Plaintiff's motion. The court has affirmed the magistrate judge's order and there is no reason for the district court to revisit its decision.

Additionally, Plaintiff's instant motion seeks to rename two defendants that have been dismissed from the captioned matter. This court will not address Plaintiff's arguments with respect to this issue. Plaintiff has previously addressed this issue in a motion for leave to file "Amended Supplemental Complaint Pleading" filed on January 24, 2006. (Doc. 73.) The magistrate judge denied Plaintiff's motion on February 15, 2006. (Doc. 89.) After two subsequent motions for reconsideration had been filed by Plaintiff, this court provided: "[a]ny additional motions for reconsideration, objections or appeals to this court concerning any order

relating to the February 15, 2006 order of the magistrate judge will be stricken." (Doc. 114.)  Thus, in accordance with this court's order, Plaintiff's arguments with respect to this issue will not be addressed.

Finally, Plaintiff's instant motion also seeks to address orders issued by Magistrate Judge Smyser.  Magistrate Judge Smyser was originally assigned the captioned matter until he transferred the case to Magistrate Judge Blewitt on December 5, 2006.  Plaintiff alleges that because Magistrate Judge Smyser was at one time employed by the Pennsylvania Attorney General's office he issued orders "with bias and prejudice for Defendants against Plaintiff based upon a conflict of interest." (Doc. 124 at 7.)  Plaintiff fails to point to any actual bias or prejudice on the part of Magistrate Judge Smyser.[1]  Magistrate Judge Smyser was employed by the Attorney General's office in 1978; thus, approximately 28 years have passed since his employment with the state and his current position.  This is more than ample time to remove any actual or perceived bias or prejudice.  Plaintiff also alleges that Magistrate Judge Smyser recused himself from the captioned matter.  Magistrate Judge Smyser transferred the case to avoid any conflict interest that may have arisen between his role as a judge and the committee assigned to his reappointment proceedings.  Magistrate Judge Smyser did not recuse himself from the captioned matter.  Plaintiff's motion for reconsideration with respect to this issue is denied.

---

[1] The court notes that after careful review, it adopted the report and recommendation by Magistrate Judge Smyser.  (*See* Doc. 55.)  Furthermore, the court denied Plaintiff's subsequent motion for reconsideration.  (Doc. 57.)  Thus, this court found the report and recommendation of Magistrate Judge Smyser to be well-founded in law and fact.

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's instant motion (Doc. 124) is **DENIED**. Any further motions for reconsideration on this issue will be summarily dismissed and Plaintiff will be subject to sanctions. The captioned matter is remanded to the magistrate judge to proceed in accordance with this court's March 14, 2006 order.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: April 24, 2006.